# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| SANDRA L. JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:16-CV-413-TLS |
| SALLIE MAE, and DEPARTMENT OF EDUCATION, | ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Sandra L. Johnson, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] against Defendants Sallie Mae and the Department of Education. She also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations:

first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1022 (7th Cir. 2013) (noting that § 1915(e) "directs courts to screen all complaints filed with requests to proceed IFP"). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano*, 722 F.3d at 1027.

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than

merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff's lawsuit centers around a Sallie Mae student loan. She requests that "Sallie Mae Student Loans . . . be fined 7 million dollars for continuing to arrogantly pursue discriminatory actions against students with disabilities despite knowledg[e] of American with Disability [sic] Act Title II, III prohibition against coercion and retaliation." (Compl. ¶ IV. Relief.) The Plaintiff claims that she has been denied a "reasonable accom[mo]dation, coerced intimidated, and punished for mentioning [her] rights under Title II III V Rehabilitation Act." (*Id.* ¶ II. Causes of Action With Supporting Facts.) The remainder of Section II of the Plaintiff's Complaint, where she is directed to state her cause of action with supporting facts, is a list of citations to different statutes or codes. (*Id.*)

None of the Plaintiffs allegations provide the Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Concentra*, 496 F.3d at 776–77. Neither does the Complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The form complaint instructed the Plaintiff to "[w]rite who, what, when, and how you believe your rights were violated." (Compl. ¶ II. Causes of Action With Supporting Facts.) Her allegations do not provide any of these salient facts. There are no factual allegations to suggest what the Defendants did to make the Plaintiff believe that they failed to provide a reasonable accommodation or otherwise discriminate against her. Instead, although specifically directed not to "cite or quote cases or statutes" (*id.*), the Plaintiff presents an entire string of citations that are meaningless to the determination whether the Defendants are "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While the Plaintiff's current Complaint does not state a claim upon which relief can be granted, she will be given leave to amend her pleading. *See Luevano*, 722 F.3d at 1024 (treating dismissal under § 1915(e) like dismissals under Rule 12(b)(6) and allowing amendment as a matter of right); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("[a]n order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right."). Any amendment should follow the instructions outlined in this Opinion and Order, and stated on the Civil Complaint Form located on the Northern District of Indiana website at http://www.innd.uscourts.gov/forms/ProSeForms.

## CONCLUSION

For the reasons stated above, the Court DENIES the Plaintiff's Petition to Proceed Without Pre-Payment of Fees and Costs [ECF No. 2], and DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1]. The Plaintiff is GRANTED until October 21, 2016, to file an Amended Complaint, accompanied by the filing fee or a new Petition to Proceed Without Pre-Payment of Fees and Costs. Failure to file an Amended Complaint will result in dismissal of this action without further notice to the Plaintiff.

SO ORDERED on September 30, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION