## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

SANDRA L. JOHNSON,                    )
                                           )

        Plaintiff,                    )
                                           )

        v.                    )       CAUSE NO.: 2:16-CV-413-TLS
                                           )

SALLIE MAE, and DEPARTMENT OF        )
EDUCATION,                            )
                                           )

        Defendants.                    )

## OPINION AND ORDER

Sandra L. Johnson, a Plaintiff proceeding pro se, filed a Complaint against Defendants Sallie Mae and the Department of Education. She also filed a Motion for Leave to Proceed in forma pauperis. On September 30, 2016, the Court denied the Plaintiff's Motion, dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted the Plaintiff additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. The Court directed that an amendment should follow the instructions outlined in the Court's Opinion and Order, and stated on the Civil Complaint Form located on the Northern District of Indiana website at http://www.innd.uscourts.gov/forms/ProSeForms.

On October 20, 2016, the Plaintiff filed an Amended Complaint [ECF No. 4], and a Motion to Proceed In Forma Pauperis [ECF No. 5]. The Amended Complaint is not on the Civil Complaint Form used in this district. Neither does it otherwise provide the necessary facts to provide the Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests," *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007), or "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Plaintiff's allegations do not provide any of the salient facts regarding who, what, when, and how she believes her rights were violated, despite instructions from this Court to do so. Rather, her Amended Complaint it is a narrative of what the Plaintiff characterizes as one hundred years of "blatant patterns of abuse against people with disabilities" perpetrated by Government agencies (Amd. Compl. 1, ECF No. 4), "blatant class warfare and denial of opportunities to all Americans" (*id.*), and a "disparate . . . and fundamentally discriminatory" loan structure (*id.*). Even though the only Defendants are Sallie Mae and the Department of Education, a majority of the Amended Complaint is directed to her experiences volunteering as a Court Appointed Special Advocate and interning at the Gary Human Relations Commission. The Plaintiff believes she was qualified for employment at these, and other places, but was not hired. Finally, the Plaintiff alleges that she obtained a deferment for payment of her student loans, but that the Department of Education send her loan to a collection agency anyway. The Plaintiff complains about the collection process, and alleges that threatening letters (the source of the letters is not identified) and $10,000 of debt were added to her loans every time she requested a "reasonable accommodation." (*Id.* 3.) The Amended Complaint does not identify what accommodation the Plaintiff requested.

The Plaintiff has named two Defendants: Sallie Mae and the Department of Education. There are absolutely no factual allegations to suggest what action Sallie Mae took, or did not take, that constituted disability discrimination or a failure to provide a reasonable accommodation. Neither Defendant was responsible for whether unrelated entities offered the Plaintiff employment after she volunteered her services. The Plaintiff's allegations regarding the

loan collection procedures undertaken by collection agencies do not implicate the Department of Education and the services it provides. The Amended Complaint does not identify what accommodation the Plaintiff believes the Department of Education was required to make because of her disability. "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011).

Because the Plaintiff has failed to cure the deficiencies the Court identified in its September 30, 2016, Opinion and Order, the Plaintiff's Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. College of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). Accordingly, the Court will deny the Motion to Proceed In Forma Pauperis and dismiss the Amended Complaint.

## CONCLUSION

For the reasons stated above, the Court DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 5], and DISMISSES WITHOUT PREJUDICE the Amended Complaint [ECF No. 4]. Any amendment the Plaintiff files must be filed on the Civil Complaint Form, which is located on the Northern District of Indiana website at http://www.innd.uscourts.gov/forms/ProSeForms or in the Clerk's Office.

SO ORDERED on October 31, 2016.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION